(No. 16326.—Cause transferred.)
RICHARD J. COLLINS, Appellant, *vs.* HARRY E. PARKER, JR., *et al.* Appellees.

*Opinion filed December 16, 1924.*

FREEHOLD—*when freehold is not involved in appeal from foreclosure suit.* A freehold is not involved in an appeal from a decree dismissing a bill to foreclose a mortgage although a cross-bill is filed by one of the defendants claiming ownership of the property in fee, where the court dismisses the cross-bill and there is no appeal from such ruling, the only questions on the appeal being whether the complainant is entitled to a decree of foreclosure and whether it was error to deny his motion for leave to re-open the case to prove his ownership of the mortgage note.

APPEAL from the Circuit Court of Knox county; the Hon. WALTER C. FRANK, Judge, presiding.

W. P. QUINBY, for appellant.

MARSH, RICE & THOMPSON, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant filed in the circuit court of Knox county his bill in chancery to foreclose a mortgage, alleging that on July 10, 1897, Kate L. Parker and Harry E. Parker, Jr., her husband, being indebted to O. F. Price in the sum of $1000 made and delivered their promissory note of that date for said sum, due two years after the date thereof, with interest at seven per cent per annum; that to secure said note they executed their mortgage of that date and conveyed to Price the real estate described therein; that the mortgage was duly acknowledged and recorded in the recorder's office of Knox county; that the note was duly assigned to Laura S. Price and by her duly assigned to E. B. Wade; that on December 2, 1910, the note and mortgage, for a valuable consideration, were duly assigned in writing by Wade to complainant, and said assignment was endorsed on the note;

that the note and mortgage are now held and owned by complainant; that the interest on the note was paid up to January 6, 1909, since which time neither the interest nor any part of the principal has been paid; that on December 2, 1918, Harry E. Parker, Jr., in writing endorsed on the note, made a new promise to pay the same and signed his name to said promise in writing; that Kate L. Parker departed this life on or about May 30, 1909; that there remains due complainant $1000, with interest thereon from January 10, 1909. The bill prays for judgment against Harry E. Parker, Jr., for the amount found due and for foreclosure of the mortgage.

The bill alleged that Minnie M. Ohls, William E. Ohls and Charles L. Ogden claimed some interest in the mortgaged property, and that such interest, if any, was subject to the lien of the mortgage, and they, together with Harry E. Parker, Jr., were made parties defendant to the bill. All of the defendants were defaulted for want of appearance or answer excepting Ogden, who filed a demurrer to the bill of complaint, which demurrer was overruled, and he then by leave of court filed his answer to the bill and filed a cross-bill herein. In his answer to complainant's bill Ogden denied that the note and mortgage were for a valuable consideration assigned in writing by Wade and denied that complainant was the owner of the note and mortgage. In his answer and cross-bill Ogden alleged that he was the owner of the real estate described in the mortgage in fee simple, and that he acquired title thereto by quit-claim deed from W. E. Ohls and Minnie M. Ohls. Appellant answered the cross-bill, denying that Ogden became possessed of the title in fee or of any title whatever in the premises described in the mortgage. Issues having been joined, the cause was referred to the master in chancery, and after the evidence was heard and both parties had closed their proofs appellant filed with the master his written motion asking that the case be re-opened and that he be given leave to introduce

testimony of certain witnesses to support the proof of ownership of the note, which motion was denied by the master, who then made and filed his report, in which report he found that no proof had been made of the present ownership of the note; found against Ogden's contentions as to ownership in his answer and cross-bill, and recommended that Ogden's cross-bill should be dismissed for want of equity and that the original bill filed by appellant should be dismissed for lack of proof of ownership of the instrument sued on. Ogden filed no objections or exceptions to the master's report. Appellant filed objections to the report, which being overruled by the master, by order of court were allowed to stand as exceptions to the report. The court entered a decree in accordance with the recommendations of the master, decreeing that the cross-bill filed by Ogden be dismissed for want of equity and that the original bill filed by appellant be dismissed for want of equity, from which decree appellant has appealed to this court.

Ogden did not pray an appeal from the decree dismissing his cross-bill, so that the question of his ownership of the premises in question is not involved upon this appeal. The only questions involved on the appeal are whether or not appellant is entitled to a decree of foreclosure of the mortgage, and whether or not error was committed in refusing his motion for leave to re-open the case for the purpose of introducing additional testimony. Ogden's claim of freehold, which was raised by the cross-bill and answer, having been abandoned by him in the court below, as this case now stands there is no question of freehold involved in the appeal, and the cause must therefore be transferred to the Appellate Court for the Second District.

*Cause transferred.*